**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

JESSICA ISRAEL,

      Plaintiff,

v.

NAKISA AMERICA INC.,
a Foreign Profit Corporation

      Defendant.

_____/

**<u>COMPLAINT</u>**

Plaintiff, JESSICA ISRAEL (hereinafter, "ISRAEL" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against NAKISA AMERICA INC. (hereinafter "NAKISA" or "Defendant") and says:

**<u>JURISDICTION AND VENUE</u>**

1. This is an action for damages under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (2017), and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, for employment discrimination on the basis of disability or handicap, in violation of Florida and federal law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4.     All conditions precedent to this action have been performed or waived.

## PARTIES

5.     Plaintiff is a member of a class protected under the FCRA and ADAAA because the terms, conditions, and privileges of her employment were altered because of her disability/handicap. Further, Plaintiff was denied a reasonable accommodation.

6.     Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff worked for Defendant as an account executive in Broward County, Florida.

7.      Defendant is a Foreign Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.     Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)) and the ADAAA.

9.     Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

10.     Plaintiff's Charge was filed on or December 11, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: October 22, 2019.

11.     EEOC terminated its processing of the charge within 180 days of the filing of the charge.

12.     Plaintiff was issued a Notice of Right to Sue on or after September 15, 2021. The Notice is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

13.     Plaintiff began working for Defendant in November 2018 through on or about October 22, 2019.

14.     Plaintiff suffers from vertigo and is blind in her left eye.

15.     At the time of her hire, Plaintiff informed her manager, Mathew Kaskel "Kaskel" of her disability and that that she was unable to drive at night or in the rain due to her disability.

16.     Kaskel advised that he understood, and Plaintiff accepted the position contingent on her primarily working from home and only going into the office for special events or meetings.

17.     On or about May 1, 2019, Francine Allaire-Quint ("Allaire-Quint") become Plaintiff's manager.

18.     Plaintiff immediately notified Allaire-Quint about her disability and driving restrictions.

19.     On or about July 30, 2019, Allaire-Quint began requiring all employees to work in the office every Monday when a forecast call would be held.

20.     Plaintiff was also informed by Allaire-Quint that management may require her to be in the office several times a week.

3

21.     Plaintiff advised Allaire-Quint that being in the office several times a week may not be feasible due to her disability after which Plaintiff began suffering a hostile work environment.

22.     Allaire-Quint frequently threatened to terminate Plaintiff when she could not come into the office due to her disability.

23.     Allaire-Quint violated Plaintiff's HIPAA rights by disclosing Plaintiff's disabilities to everyone on Plaintiff's team during a meeting on or about August 5, 2019.

24.     Plaintiff complained about the hostile treatment she faced from Allaire-Quint to Kaskel.

25.     Kaskel filed a complaint against Allaire-Quint with the Human Resources Department on Plaintiff's behalf.

26.     The Human Resources Department advised Plaintiff that the issue would be resolved but Plaintiff's work environment become more hostile.

27.     Allaire-Quint continued to make unwanted derogatory comments about Plaintiff and instructed other co-workers not to socialize with Plaintiff or face consequences.

28.     In September 2019, Plaintiff again complained to the Human Resources Department about the disability discrimination, hostile work environment, and the retaliation at the hands of Allaire-Quint.

29.     Soon thereafter, on or about October 22, 2019, Plaintiff was terminated.

30.     Plaintiff was told in a skype conference that she was being terminated due to unsatisfactory performance, but no specific reasons were provided in her termination letter.

31.     Plaintiff was advised via email from Rachelle Laurin in the Human Resources Department, that her employment "didn't work out, unable to leverage skillset."

4

32.     The reason Defendant provided for Plaintiff's termination, if any, is pretextual.

33.     Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's disability was, at minimum, a motivating factor in Defendant's decision for her termination[1].

34.     Prior to her termination, Plaintiff was unaware of any performance deficiencies, and she had not been previously disciplined. In fact, Allaire-Quint frequently said that Plaintiff was the pillar of the sales team and Allaire-Quint would ask Plaintiff to train new employees and train other members of the team.

35.     Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

36.     Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I: DISABILITY DISCRIMINATION (ADA AND ADAAA)

37.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

38.     Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed with vertigo and is blind in her left eye which substantially limits her ability to perform at least one major life function, to wit: see out of her left eye, driving, etc.

39.     Plaintiff is, and at all times was, qualified to perform the essential functions of her job as an account executive, with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily for the entirety of her employment.

40.     Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

41.     Plaintiff was able to perform the essential functions with the accommodation of working from home.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

42.     The requested accommodation of working from home would not have caused an undue burden to Defendant since Plaintiff worked from home successfully from her time of hire.

43.     Title I of the ADAAA prohibits employers from taking adverse employment action against an employee as a result of her actual disability or record of disability and further requires employers to reasonably accommodate the actual or recorded disabilities.

44.     Defendant discriminated against Plaintiff by failing to accommodate, subjecting Plaintiff to a hostile work environment and ultimately terminating Plaintiff due to her disability.

45.     Had Plaintiff not been disabled and able to come into the office every day to work, she would not have suffered these adverse employment actions.

46.     Defendant's basis for terminating Plaintiff, if any, are pretextual. Had Defendant properly accommodated Plaintiff, Plaintiff could have performed the essential functions of her position.

47.     Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[2] in Defendant's decision to terminate her employment.

48.     As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

49.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JESSICA ISRAEL requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT II: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

50.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

51.     Plaintiff is person with a disability as that term is defined under the ADAAA in that she was diagnosed vertigo and is blind in her left eye which substantially limits her ability to perform at least one major life function, to wit: see out of her left eye, drive, etc.

52.     Plaintiff is, and at all times was, qualified to perform the essential functions of her job as an account executive with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

53.     Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

54.     Plaintiff was able to perform the essential functions with the accommodation of working from home.

55.     Plaintiff requested the reasonable accommodation of working from home at the time of her hire, which Kaskel acknowledged his understanding and advised that Plaintiff could work from home and only come into the office on special occasions.

56.     Plaintiff worked with the reasonable accommodation from her date of hire until Allaire-Quint became her manager and required her to come into the office more frequently starting on July 30, 2019, including but not limited to, every Monday when a forecast meeting was held.

57.     Plaintiff requested again the reasonable accommodation of working from home except for special occasions as previously agreed upon on or around July 30, 2019. Plaintiff informed Allaire-Quint of her limitations due to her disability but was denied her request to work from home except for special occasions.

58.     Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

59.     Instead of allowing Plaintiff to continue with her agreed to reasonable accommodation, Plaintiff's working conditions became hostile.

60.     Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship as Plaintiff had worked successfully with the reasonable accommodation from November 2018 until July 2019.

61.     Because Defendant did not accommodate Plaintiff, Plaintiff suffered a hostile work environment and was ultimately terminated.

62.     As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff JESSICA ISRAEL requests judgment as follows:

a)   an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b)   compensatory damages;

c)   punitive damages;

d)   attorney's fees and costs; and

e)   any other award this Court deems necessary.

## COUNT III: VIOLATION OF THE ADA AND ADA
## (HOSTILE WORK ENVIRONMENT)

63.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

64.     Plaintiff brings this action under the ADA and ADAAA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the harassment Defendant's supervisor inflicted on Plaintiff.

65.     Plaintiff is a member of a protected class, to wit, disabled.

66.     Plaintiff was subjected to constant, continual, offensive and unwelcomed harassing behavior from her direct supervisor, Allaire-Quint, due to Plaintiff's disability and request for a reasonable accommodation.

67.     Allaire-Quint's repeated and consistent discriminatory treatment of Plaintiff was sufficiently severe and/or pervasive to create a work environment that a reasonable person would consider intimidating, hostile or abusive.

68.     Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

69.     Allaire-Quint was Plaintiff's direct supervisor during Plaintiff's employment with Defendant and Defendant did not try to prevent or promptly correct Allaire-Quint's harassing behavior.

70.     Defendant's supervisor, Allaire-Quint, acted with intentional disregard for Plaintiff's rights as a person with a disability protected under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Allaire-Quint and/or other employees.

9

71.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of ADA and ADAAA as a direct result of Defendant's discriminatory actions.

72.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JESSICA ISRAEL requests that:

    a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA;

    b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV: VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

73.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

74.     Plaintiff brings this action for retaliation in violation of the ADA and ADAAA.

75.     Plaintiff had been experiencing discriminatory treatment by Defendant due to her disability.

76.     Plaintiff complained about the disparate treatment and hostile work environment she endured due to her disability to Defendant.

77.     As a result of Plaintiff's complaints, Defendant terminated her on or about October 22, 2019.

78.     Plaintiff was advised that she was terminated due to unsatisfactory performance, which was pretextual.

79.     Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAAA.

80.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JESSICA ISRAEL requests that:

a.   The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA;

b.   The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

11

been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: HANDICAP/DISABILTY DISCRIMINATION (FCRA)

81. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

82. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

83. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability and/or record of having such handicap(s)/disability/disabilities.

84. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, her termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

85. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

86. There was no valid, legal reason for Plaintiff's termination.

87.     Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors[3] for Defendant's termination of Plaintiff's employment.

88.     As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

89.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JESSICA ISRAEL requests judgment as follows:

a)  an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b)  compensatory damages;

c)  attorney's fees and costs; and

d)  any other award this Court deems necessary.

## COUNT VI: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

90.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

91.     Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

92.    The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

93.    Plaintiff requested the reasonable accommodation of working from home at the time of her hire, which Kaskel acknowledged his understanding and advised that Plaintiff could work from home and only come into the office on special occasions.

94.    Plaintiff worked with the reasonable accommodation from her date of hire until Allaire-Quint became her manager and required her to come into the office more frequently starting on July 30, 2019 including but not limited to every Monday when a forecast meeting was held.

95.    Plaintiff requested again the reasonable accommodation of working from home except for special occasions as previously agreed upon on or around July 30, 2019. Plaintiff informed Allaire-Quint of her limitations due to her disability but was denied her request to work from home except for special occasions.

96.    Instead of allowing Plaintiff to continue with her agreed to reasonable accommodation, Plaintiff's working conditions became hostile.

97.    Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship as Plaintiff had worked successfully with the reasonable accommodation from November 2018 until July 2019.

98.    Because Defendant did not accommodate Plaintiff, Plaintiff suffered a hostile work environment and was ultimately terminated.

99.    Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

100.     Defendant   failed/refused   to   reasonably   accommodate   Plaintiff's   actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

101.     Defendant's reason(s) for denying Plaintiff's requests, if any, are pretextual.

102.     Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such handicap/disability/disabilities were, at minimum, motivating factors[4] for Defendant's failure to accommodate.

103.     As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

104.     Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff JESSICA ISRAEL requests judgment as follows:

    a)  an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b)  compensatory damages;

    c)  punitive damages;

    d)  attorney's fees and costs; and

    e)  any other award this Court deems necessary.

### COUNT VII: VIOLATION OF FCRA
### (HOSTILE WORK ENVIRONMENT)

105.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

106.   Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying sexual harassment Defendant's supervisor inflicted on Plaintiff.

107.   Plaintiff is a member of a protected class, to wit, disabled.

108.   Plaintiff was subjected to constant, continual, offensive and unwelcomed harassing behavior from her direct supervisor, Allaire-Quint, due to Plaintiff's disability and request for a reasonable accommodation.

109.   Allaire-Quint's repeated and consistent discriminatory treatment of Plaintiff was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive.

110.   Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

111.   Allaire-Quint was Plaintiff's direct supervisor during Plaintiff's employment with Defendant and Defendant did not try to prevent or promptly correct Allaire-Quint's harassing behavior.

112.   Defendant's supervisor, Allaire-Quint, acted with intentional disregard for Plaintiff's rights as a disabled person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Allaire-Quint and/or other employees.

113.   Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

114.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of Allaire-Quint and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JESSICA ISRAEL requests that:

    a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.  The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

    d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII: VIOLATION OF FCRA
## (RETALIATION)

115.     Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

116.     Plaintiff brings this claim for retaliation in violation of FCRA.

117.    Plaintiff had been experiencing discriminatory treatment by Defendant due to her disability.

118.    Plaintiff complained about the disparate treatment and hostile work environment she endured due to her disability to Defendant.

119.    As a result of Plaintiff's complaints, Defendant terminated her on or about October 22, 2019.

120.    Plaintiff was advised that she was terminated due to unsatisfactory performance, which was pretextual.

121.    Plaintiff's termination constitutes an adverse employment action under FCRA.

122.    Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff JESSICA ISRAEL requests that:

    a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b.  The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

    c.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, JESSICA ISRAEL hereby demands trial by jury on all counts so triable contained herein.

Dated: December 2, 2021.

LAW OFFICES OF CHARLES EISS, P.L.
Attorneys for Plaintiffs
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)
By:    /s/ Charles M. Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
SHANNA WALL, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com
